UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ABDUR RAHIM AMBROSE                                              PETITIONER

v.                                          CIVIL ACTION NO. 1:21-CV-302-KHJ

BURL CAIN, Commissioner, Mississippi
Department of Corrections, and LYNN FITCH,
Attorney General of the State of Mississippi                    RESPONDENTS

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR BUDGET APPROVAL

This matter came before the Court on Petitioner Abdur Rahim Ambrose's Motion for Amended Work Plan and Case Schedule [13]. Also before the Court is his Unopposed Motion to Stay Previous Scheduling Order [17]. For the reasons below, the Court denies the Motion for Amended Work Plan and Case Schedule and grants the Unopposed Motion to Stay Previous Scheduling Order.

On November 1, 2021, this Court entered an Order setting out a schedule for the anticipated proceedings and requiring the submission of a budget. That budget, which was submitted and ultimately approved by this Court and the Chief Judge of the Fifth Circuit, was for work up to filing a petition for writ of habeas corpus. The Petition has been filed. But rather than proceed to the next phase of the schedule, Ambrose now proposes to cast the schedule aside and proceed with a new plan, which would include an amended petition, a discovery motion, and a revised budget.

As support for this request, counsel for Ambrose argues that "additional work and investigation is required," including "consultation and interviews with witnesses." Ambrose argues that Rule 6 of the Rules Governing Section 2254 Cases

in the United States District Courts, which allows a judge to authorize discovery "for good cause," sanctions this request. Rule 6 was adopted in 1976; since that time, both statutory and caselaw have modified the need for discovery in habeas cases. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). To the extent, then, that Ambrose intends to bolster the issues already determined in state court by obtaining additional evidence, discovery would not be permitted, an amended complaint is unnecessary, and no new work plan need be devised. Ambrose also argues, though, that he should be able to conduct an investigation and gather evidence to support claims that were not adjudicated in state court. Such claims would be, by definition, unexhausted, and not subject to review here. §2254(b)(1)(A).

The Court denies the Motion for Amended Work Plan and Case Schedule. This is not to say that Ambrose has no right to amend his Petition; the right to amend is governed by the parameters of Fed. R. Civ. P. 15. Ambrose may also move for discovery, assuming he can show good cause for it. At this point, however, the Court sees no reason to halt the progress of this case and revise the prior briefing schedule to anticipate that either discovery or an amendment will be requested or granted. Ambrose should submit a supplemental budget request to comprehend the work anticipated in drafting briefs in support of his Petition, and the Court will set a deadline for its submission.

As for the Motion to Stay, the Court recognizes that the Motion for Amended Work Plan has been pending for several weeks.  For that reason, it is appropriate to restart the previously set scheduling order to provide sufficient time for the parties to complete their filings.  The Court grants the Motion to Stay to the extent that the periods set out in the Court's November 1 Order will begin on the date that this Order is entered.

IT IS, THEREFORE ORDERED that Abdur Rahim Ambrose's Motion for Amended Work Plan and Case Schedule [13] is DENIED.

IT IS FURTHER  ORDERED that Abdur Rahim Ambrose's Unopposed Motion to Stay Previous Scheduling Order [17] is GRANTED:

1,	Respondents will have 90 days after the date that this Order is entered to file a responsive pleading and the state court record.  Ambrose will then have 90 days from the filing of the response to file a memorandum in support of his Petition; Respondents will have 60 days from the filing of Ambrose's memorandum to file a memorandum opposing the petition; and Ambrose will then have 30 days from the filing of the responsive memorandum to file a reply memorandum.

2.	Ambrose's motion to supplement his budget request to include fees related to the filings referenced above is due on or before May 2, 2022.  This motion may be submitted *ex parte*.

IT IS FINALLY ORDERED THAT, Ambrose's Petition for Writ of Habeas Corpus having been erroneously filed as a motion, the Clerk is directed to refile the

document as a petition for writ of habeas corpus, using the original filing date of January 17, 2022.

    IT IS SO ORDERED, this the 4th day of April, 2022.

                                      s/ *Kristi H. Johnson*
                                      UNITED STATES DISTRICT JUDGE