UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ABDUR RAHIM AMBROSE                                            PETITIONER

v.                                       CIVIL ACTION NO. 1:21-CV-302-KHJ

BURL CAIN, Commissioner, Mississippi
Department of Corrections, and LYNN FITCH,
Attorney General of the State of Mississippi            RESPONDENTS

ORDER GRANTING MOTION TO STAY AND ABEY
FEDERAL PROCEEDINGS AND DENYING MOTION
FOR LEAVE TO CONDUCT DISCOVERY

Before the Court is Petitioner Abdur Rahim Ambrose's Motion for Leave to Conduct Discovery [22] and Motion to Stay and Abey [27]. For the following reasons, the Motion for Leave to Conduct Discovery is denied, but the Motion to Stay and Abey is granted.

Ambrose admits that several of the claims in his Habeas Petition [20] are unexhausted. As reflected in Ambrose's petition, many of these issues rely on a claim that post-conviction counsel was ineffective. He seeks a stay under *Rhines v. Vannoy*, 544 U.S. 269 (2005), to pursue his claims in state court. Under *Rhines*, staying a habeas case to allow a petitioner to return to state court to litigate unexhausted claims is appropriate when: the petitioner has good cause for failing to exhaust his claims; the claims are not "plainly meritless;" and the district court places reasonable time limits on the return to state court and back. *Id.* at 277–78. Failure to grant a stay permits the one-year statute of limitations provided in 28 U.S.C. § 2241(d)(1) to continue to run, thereby potentially causing a petitioner to

forfeit his right to seek federal relief on the unexhausted claims. *Id.*; *Grace v. Vannoy*, 826 F.3d 813, 815 (5th Cir. 2016).

In 1999, the Mississippi Supreme Court established that, because the post-conviction process had become part of the appeal process for death penalty cases, indigent death-row post-conviction petitioners would have a right to appointed counsel, attorney compensation, and reasonable litigation expenses. *Jackson v. State*, 732 So. 2d 187, 191 (Miss. 1999). The Mississippi Legislature passed the Mississippi Capital Post-Conviction Counsel Act the following year. Miss. Code Ann. §§ 99-15-18, 39-5, 39-7, 39-23, 39-27, 39-28; *see also Grayson v. Epps*, 338 F. Supp. 699, 701–04 (S.D. Miss. 2004) (finding that passage of statutes did not, in itself, qualify Mississippi to be certified as opt-in state under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).[1] Additionally, the Mississippi Supreme Court amended Rule 22 of the Mississippi Rules of Appellate Procedure to establish, in detail, the qualifications that were required to serve as counsel for a petitioner in a capital post-conviction proceeding, as required by the opt-in provisions of the AEDPA. MISS. R. APP. P. 22(d)–(e).

---

[1] The limitations period prescribed by the AEDPA's opt in provisions, 28 U.S.C. § 2266 would set deadlines for both district courts and courts of appeal to dispose of capital habeas cases. Federal courts were originally charged with authority to determine whether a state had met the eligibility requirements for opt-in certification. Although many states sought opt-in status, by 2005, no state had been certified. Then, however, Congress passed the USA PATRIOT Improvement and Reauthorization Act of 2005, shifting certification authority from the courts to the Attorney General, which ultimately published a notice of proposed rulemaking to implement the certification process. *Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice*, No. C 08-2649, 2009 WL 185423 at *2 (N.D. Cal. Jan. 20, 2009). Implementation of those regulations was enjoined. *Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice*, 816 F.3d 1241 (9th Cir. 2016).

Although Mississippi provided death-sentenced prisoners counsel during their post-conviction proceedings, there was no recognized right to effective post-conviction counsel in either state or federal court. *See, e.g.*, *Bishop v. Epps*, 288 F. App'x 146, 149 (5th Cir. 2008); *Brown v. State*, 948 So. 2d 405, 413 (Miss. 2006); 28 U.S.C. §§ 2254(i), 2261(e). In 2013, however, the Mississippi Supreme Court reversed course on this issue, holding that, in a death penalty case, Mississippi would recognize a right to effective post-conviction counsel. *Grayson v. State*, 118 So. 3d 118, 126 (Miss. 2013). *Grayson* elaborated that Mississippi courts will review claims of ineffectiveness of post-conviction counsel in successive petitions, even years after the initial post-conviction petition was decided. *Id.*

Federal habeas law, however, does not recognize a right to effective post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that, because there is no constitutional right to counsel in state post-conviction proceedings, there can be no claim that post-conviction counsel was ineffective); *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

In response to *Grayson*, this Court has stayed several capital habeas cases so that the petitioners could return to the Mississippi Supreme Court with post-conviction ineffectiveness claims. Indeed, the Court could not consider these claims because they had become, by virtue of *Grayson*, unexhausted. 28 U.S.C.A. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the

3

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

In opposing Ambrose's request, the State argues that he has not shown good cause for failing to exhaust his claims earlier, the claims are meritless, and he is engaging in dilatory litigation tactics. If, as Ambrose claims, his post-conviction counsel was ineffective, that explains the failure to raise the claim in the initial post-conviction proceedings. *See, e.g.*, *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) ("IAC by post-conviction counsel can be good cause for a *Rhines* stay . . . ."). Ambrose's only avenue to exercise his Mississippi state right to effective post-conviction counsel, while protecting his federal habeas claims from untimeliness, is to file his habeas petition in this Court and seek a stay while he exhausts his state court remedies to vindicate his right to effective post-conviction counsel.

The State contends the claims that Ambrose intends to raise in state court are plainly meritless. The Fifth Circuit has found claims to be plainly meritless under various circumstances. *Davila v. Davis*, 650 F. App'x 868 (5th Cir. 2016) (claim was defaulted, and the state court would not allow a successive petition; claim also relied on application of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) to effectiveness of appellate counsel, which is not permitted); *Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012) (defaulted); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (same). *See also Young v. Stephens*, 795 F. 3d 484, 495 (5th Cir. 2015) (claim plainly meritless because it attempted to re-litigate claims already disposed of); *Lave v. Dretke*, 444 F. 3d 333,

336 (5th Cir. 2006) (claim relied on Supreme Court precedent that could not be applied retroactively).

None of these situations are present here. Moreover, it would be inappropriate for this Court to pass on the merits of the claims before permitting the state court to do so. "Federal habeas review of state convictions 'entails significant costs,' . . . 'and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority.'" *Davila v. Davis*, 137 S. Ct. 2058, 2070 (2017) (citation omitted) (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982)); *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The exhaustion requirement of § 2254(c) is designed to "further the principles of comity, finality, and federalism" by requiring habeas petitioners to first present their claims in state court, in order to give those courts the opportunity of first review. *Duncan v. Walker*, 533 U.S. 167, 178 (2001) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)); *see also Coleman v. Thompson*, 501 U.S. 722, 726 (1991) ("This is a case about federalism. It concerns the respect that federal courts owe the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus.").

These principles suggest the Court should permit Ambrose to present his claims in state court. Despite the Respondents' assertions to the contrary, the likelihood of Ambrose's success on the merits is not dispositive. Because he intends to raise unexhausted claims in state court, the Court is inclined to preserve its resources in evaluating his federal claims. *See Havard v. State*, No. 5:08-cv-275-KS, Pet. [10] (S.D. Miss. Apr. 10, 2009).

5

Finally, the State argues that Ambrose has been dilatory in bringing these claims. As stated earlier, the need to preserve his federal rights on habeas review requires that a habeas petitioner file his petition within the one-year limitations period provided by § 2244(d)(1). Most, if not all, habeas petitioners will be compelled to follow the sequence of events that Ambrose has followed. The Court agrees, however, with the State's request to set a schedule for initiating state-court proceedings. For that reason, Ambrose's attorneys are required to file, in state court, a motion for appointment of counsel within 30 days of the entry of this Order and a motion for leave to proceed in the trial court with a successive petition for post-conviction relief within 60 days after counsel is appointed. They are also required to submit status reports to this Court, beginning when the motion for leave to proceed in the trial court is filed, and continuing every 60 days thereafter. Failure to comply with this directive may result in this case being placed back on the active docket.

This brings the Court to Ambrose's Motion for Leave to Conduct Discovery. He argues that Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which allows a judge to authorize discovery "for good cause," sanctions this request. Rule 6 was adopted in 1976; since that time, the law has modified the need for discovery in habeas cases. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Ambrose argues that he should be able to investigate and gather evidence to support claims

6

that were not adjudicated in state court because he will have no ability to do so once he returns. In support of that argument, he cites *Brown v. State*, 255 So. 3d 141, 147 (Miss. 2017).

*Brown* held that the pre-petition discovery provisions of Miss. R. App. P. 22 do not apply to a successive petition for post-conviction review. The opinion went on, however, to state that the petitioner "may be entitled to discovery under the UPCCRA assuming that he eventually files his successive petition for post-conviction relief."[2] *Id.* at 145. In so doing, the court cited Miss. Code Ann. § 99-39-15, which provides that a party in a post-conviction proceeding may "invoke the processes of discovery available under the Mississippi Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The issue, then, is whether Ambrose is entitled to pre-petition discovery, not whether he is entitled to any discovery.

Federal funding for discovery is unavailable for any proceeding that is not "subsequent" to a federal habeas case, including the state habeas proceeding in question. *Storey v. Lumpkin*, 8 F.4th 382, 393 (5th Cir. 2021). Because Ambrose seeks information that is related to the unexhausted claims that must be pursued in state court, his Motion will be denied.

---

[2] Except in the rare situation contemplated by Miss. R. Civ. P. 27, discovery is not authorized prior to the initiation of an action.

IT IS THEREFORE ORDERED that Abdur Rahim Ambrose's Motion to Stay and Abey Federal Proceedings Pending Resolution of Successor Petition in State Court Regarding Unexhausted Grounds for Relief [27] is hereby GRANTED.

IT IS FURTHER ORDERED that Ambrose's Motion for Leave to Conduct Discovery [22] is hereby DENIED.

IT IS SO ORDERED, this the 17th day of August, 2022.

                                               s/ *Kristi H. Johnson*
                                               UNITED STATES DISTRICT JUDGE