UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ABDUR RAHIM AMBROSE                                                    PETITIONER

V.                                              CIVIL ACTION NO. 1:21-CV-302-KHJ

BURL CAIN, et al.                                                      RESPONDENTS

ORDER

Before the Court are Respondents' [37] Motion to Lift Stay and Petitioner Abdur Rahim Ambrose's [41] Motion for Leave to File Sur-Response. The Court denies the Motion to Lift Stay and grants the Motion for Leave to File Sur-Response.

I.   Background

On August 17, 2022, the Court stayed this capital habeas case pending resolution of Ambrose's successive petition for post-conviction relief in state court. Order [36]. One month later, Ambrose filed a motion in the Mississippi Supreme Court seeking *in forma pauperis* status and appointment of counsel to file a successive petition for post-conviction relief. *See* Docket, *Ambrose v. State*, No. 2022-DR-949-SCT; Sur-Response [41-1] at 2. On June 12, 2023, the Mississippi Supreme Court remanded the motion to the trial court for consideration, and on August 4, 2023, the trial court denied the motion. *Id.* Five days later, Ambrose moved to alter or amend the state trial court's ruling. *See* [41-1] at 2. He supplemented that motion in September 2023. *Id.* The motion is still pending. *Id.*

On January 22, 2024, Respondents moved to lift this Court's stay. [37] Motion to Lift Stay.

II.     Discussion

Respondents argue the Court should lift the stay because there are no available state-court remedies for Ambrose's unexhausted habeas claims. [37] at 3. According to Respondents, the Mississippi Supreme Court recently overruled its precedent that created an exception to the Mississippi Uniform Post-Conviction Collateral Relief Act's (UPCCRA) statute of limitations and bar on successive petitions. *See id.* Accordingly, Respondents contend that the Mississippi Supreme Court will refuse to hear Ambrose's unexhausted claims. *See id.*

Under Mississippi law, a petitioner seeking post-conviction relief in a capital case must file "within one (1) year after conviction." Miss. Code Ann. § 99-39-5(2)(b). That is, a petitioner must file within one year after the mandate on appeal issues. *See, e.g.*, *Puckett v. State*, 834 So. 2d 676, 677–78 (Miss. 2002). Additionally, the denial of a petition for post-conviction relief "shall be a bar to a second or successive application." Miss. Code Ann. § 99-39-27(9).

Ambrose argued in his Motion to Stay that the Mississippi Supreme Court would hear his unexhausted claims because his post-conviction counsel had provided ineffective assistance by omitting them from his first post-conviction petition. *See, e.g.*, [27] at 29–30. In *Grayson v. State*, the Mississippi Supreme Court held that "PCR petitioners who are under a sentence of death do have a right to the effective assistance of PCR counsel." 118 So. 3d 118, 126 (Miss. 2013). The

court held that "[e]rrors affecting fundamental constitutional rights . . . are excepted from procedural bars which otherwise would prevent their consideration," such as the UPCCRA's statute of limitations and bar on successive petitions. *Howell v. State*, 358 So. 3d 613, 615 (Miss. 2023). But in *Howell*, the Mississippi Supreme Court clarified that the UPCCRA's statute of limitations is a "substantive, legislatively enacted law and not procedural," so it cannot be overcome by the "judicially crafted fundamental-rights exception." *Id.* at 615–17. The Mississippi Supreme Court recently provided more clarification, specifically addressing whether *Howell* overruled *Grayson*. *See Ronk v. State*, No. 2021-DR-269-SCT, 2024 WL 131639 (Miss. Jan. 11, 2024) (unpublished). It held: "Because *Howell* supports that no judicially crafted exception—even for fundamental rights—applies to the UPCCRA's substantive, constitutional bars, we overrule *Grayson* to the extent it crafted an exception for ineffective-assistance-of-post-conviction-counsel claims in death-penalty cases." *Id.* at *4.

The Court agrees with Respondents that the Mississippi Supreme Court has effectively abrogated the route to merits consideration that *Grayson* provided. But Ambrose still has a successive post-conviction proceeding pending in the Mississippi Supreme Court. Even if it is unlikely that the Mississippi Supreme Court will consider Ambrose's unexhausted claims, it would be imprudent for this Court to lift the stay and create concurrent litigation of the same claims in two courts.

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court DENIES Respondents' [37] Motion to Lift Stay. The Court GRANTS Petitioner's [41] Motion for Leave to File Sur-Response. The proposed sur-response, which the Court considered in its disposition of the [37] Motion to Lift Stay, shall be deemed filed.

The Court orders Ambrose to file status reports concerning his state-court proceedings every 90 days hereafter until the Court lifts the stay on this case.

SO ORDERED, this 1st day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE